State, *ex rel.* George Couper Gibbs, Attorney General, v. A. D. F. Bloodworth.

185 So. 339.
Division A.
Opinion Filed December 14, 1938.

*George Couper Gibbs,* Attorney General, *Lawrence A. Truett,* Assistant Attorney General, *D. H. Redfearn, Richard H. Hunt, M. Lewis Hall and Herbert S. Sawyer,* for Realtor;

*J. W. Watson, Jr.,* and *E. F. P. Brigham,* for Respondent.

BUFORD, J.—On October 17, 1938, in *quo warranto* proceedings we granted motion for judgment of ouster, the answer notwithstanding, in the case of State of Florida on Relator of George Couper Gibbs, Attorney General of the State of Florida, against A. D. F. Bloodworth, and, based thereon, on the 25th day of October, 1938, we entered our judgment of ouster, as follows:

"The Court having on the 17th day of October, 1938 awarded to the Relator herein a Judgment of Ouster against the Respondent herein and Relator having moved the Court for the immediate issuance of a Writ of Ouster pursuant to the aforesaid Judgment; and it appearing ·to the Court that the Respondent A. D. F. Bloodworth is unlawfully usurping and exercising the functions, privileges and powers of the office of City Clerk of the City of Miami, Florida; or is claiming the right to occupy the aforesaid office and that the said Respondent A. D. F. Bloodworth should be ousted from said office and that the Court being fully advised in the premises; it is thereupon now hereby considered, ordered and adjudged by the Court that final Judgment of Ouster be, and the same is hereby entered, and that the Respondent, A. D. F. Bloodworth be and he is hereby ousted from the office of City Clerk of the City of Miami, Florida, as aforesaid and from the claim or right to occupy the said office of City Clerk."

In the opinion and judgment entered October 17, 1938, we said, in part:

"In the absence of a provision of the charter of the City

of Miami controlling the removal of its duly elected City Clerk, and Section 84, *Supra,* providing that the general laws of Florida applicable to municipal corporations shall control, we therefore hold that the following general law applicable to all municipal corporations shall control and guide the City Commission of the City of Miami in the removal of its City Clerk, the said law being Section 2948 C. G. L., viz.:

" 'Powers of Council Concerning Election Returns, Expulsion, etc.—The City or Town Council shall have power and authority of judge of the election returns and qualifications of its own members, to make such by-laws and regulations for their own guidance and government as they may deem expedient, and to enforce the same by fine or penalty, to compel attendance of its members; and two-thirds of the council may expel a member of the same or other officer of the City or town for disorderly behavior or malconduct in office.'

"Section 12 of the Charter provided for the recall of any member of the City Commission and the machinery for the recall election can be placed in motion by any qualified elector of the City as against any member of the Commission. When the recall is initiated, the Clerk of the City shall deliver to the elector making the affidavit copies of blank petition for such removal. The exact form of blank petitions are to be delivered by the Clerk, and after many details have been complied with, the petition for recall are returned to the Clerk, and it becomes his duty to check and determine if fifteen per cent of the total number of registered voters of the city as shown by the registration books of the City of Miami appear on the petition; and after this fact is determined, if he finds such facts to exist, it becomes his duty to certify the result of such examinations if sufficient, to the City Commission at its next meeting, when

the City Commission shall order an election. It is shown by the record here that the relator had completed his check of the eligible electors and was about to certify, as required by the charter, that fifteen per cent of the voters favored a recall when the members of the Commission sought to be recalled summarily dismissed the relator. The record shows:

" 'That said resolutions purporting to remove Frank J. Kelly as said City Clerk and purporting to appoint Respondent, A. D. F. Bloodworth, to the office of City Clerk of the City of Miami were adopted by the affirmative vote of the three Commissioners against whom recall petitions were and are pending and that the other two Commissioners were opposed to each of said resolutions; that said Frank J. Kelly, through long tenure as City Clerk, has intimate and accurate knowledge of the records of the said office relating to the names and number of qualified voters of the City of Miami and from said records said Frank J. Kelly, prior to his purported removal, had determined that the recall petitions directed against three members of said City Commission were sufficient and that at the time of the adoption of said resolutions said Frank J. Kelly was engaged in the work of purging the registration books of the City of Miami, as directed by said decision of this Court, preparatory to certifying to the sufficiency of said recall petitions; that the motives of the three Commissioners against whom recall petitions were pending in adopting said resolutions were fraudulent and corrupt in that said resolutions were adopted for the purpose of preventing the said Frank J. Kelly from certifying, according to law, to the sufficiency of said recall petitions and for the purpose of denying to the voters of the City of Miami the right of recall granted to them in the said Charter of the City of

Miami or unlawfully hindering and delaying said voters in the lawful exercise of said right of recall.'

"It is difficult to conceive or understand how Frank J. Kelly can be lawfully dismissed by the City Commission of Miami under Section 2948 C. G. L., which provides for the expulsion of an officer of a city only 'for disorderly behavior or misconduct in office.'

"The dismissed officer, as shown by the record here, at the time of his dismissal was discharging his quasi-judicial acts as provided by the Charter of the City and it was to the interest of the Commissioners sought to be recalled that the Clerk be dismissed, thereby thwarting, obstructing and hindering the recall election which was the will or desire of the electors signing the recall petition by dismissing the Clerk of the City engaged in the discharge of his duties as prescribed by the City Charter. It appears that such action is not justified by the charter provisions of said City nor of the general laws controlling their duties as municipal officers. Neither was it the will or intention of the Legislature in enacting Chapter 10847, *supra,* to create such conditions."

(We cited authorities to support this conclusion) And further, in that same opinion, we said:

"The Charter clothed the City Clerk with quasi-judicial functions. Some of the duties are prescribed by Sections 12, 12(a), 13 and 14 of the Charter. It is admitted upon the record that he was discharging the duties imposed by these provisions when dismissed by the vote or votes of the three Commissioners against whom the recall was directed. The attempted removal of the Clerk by the three Commissioners rendered ineffective the charter provisions controlling recall elections. It was not the intention of the Legislature in enacting Chapter 10847 to grant such power to the City Commission of Miami and thereby enabling them to

nullify the recall provision of the Charter by the expedient here adopted. If the Clerk had certified to the Commission the results of his labors placed upon him by the charter and had not been removed, the recall provisions of the charter would have controlled as the Legislature intended when the Charter was enacted. It is clear that the City Clerk was elected by the City Commission on May 13, 1937, and was not to hold office subject to the political whim of the three Commissioners voting for his removal, thereby defeating the recall provision of the Charter, but he was to discharge his duties as provided for by the charter, ordinances and resolutions of the City until the next regular city election provided for in the charter, being a period of two years after May 13, 1937, unless lawfully removed."

On October 28, 1938, a suggestion of contempt was filed by the Attorney General in which it was alleged, among other things, that,

"3. That, thereafter, on the 18th of October, 1938, an oral petition was made before this Court seeking to have the writ of ouster issued immediately so as to reinstate Frank J. Kelly, the rightful holder of the office of City Clerk of the City of Miami, That this Court announced that they would entertain such motion upon same being filed with due notice to the Relator of a hearing thereupon and at that time fixed the 25th day of October, 1938, for said hearing. That on the 19th day of October, 1938, notice of said hearing was given to the attorneys representing Relator and copy of a motion was delivered to them, which motion was filed herein on the 20th day of October, seeking to have the writ of ouster issued forthwith.

"4. That on the 19th day of October, 1938, but after notice of said hearing to be had on the 25th day of October had been served upon counsel representing Relator, a

special meeting of the Commission of the City of Miami was held, at which a resolution was adopted purporting to again remove the said Frank J. Kelly from the office of City Clerk of the City of Miami.

"5. That on the 20th day of October, a petition for rule *nisi* was filed herein by the Relator and a rule thereupon was issued directed to Robert R. Williams as Mayor Commissioner of the City of Miami, Florida, and John W. DuBose and Ralph Ferguson, to be and appear before this Court on the 25th day of October, 1938, at 10:00 A. M., to show cause why they should not be enjoined and restrained from further conduct or the commission of further or additional acts or undertakings, calculated and designed, either to obstruct or interfere with the will, opinion, judgment and purpose of this Court, as found in the opinion and judgment on record in this cause, or to prevent or interfere with the reassumption of the office and official duties of the City Clerk of the City of Miami, Florida, by and upon the part of the said Frank J. Kelly, or to obstruct or interfere with the said Frank J. Kelly in any manner or respect whatsoever after his reassumption of said office and said official duties and until the further order of this Court.

"6. That the said rule *nisi* was duly served upon the said Robert R. Williams as Mayor-Commissioner of the City of Miami, Florida, and the said John W. DuBose and Ralph Ferguson, severally as Commissioners of the City of Miami, Florida, on the 21st day of October, 1938, and that thereafter on the 24th day of the same month; the Relator filed herein his response to said rule *nisi* and also filed a motion to be allowed to file a supplemental answer in the nature of a plea *puis darrein* continuance and at the same time submitted said supplemental answer in the nature of a plea *puis darrein* continuance and on the same day, the

Respondent filed a motion for modification of the opinion of this Court in said cause, all of which hereinabove described pleadings appear of record in this cause and reference is hereby made to the same for contents.

"7. That on the 25th day of this month, a hearing was had in this Court upon the foregoing motions and a judgment of ouster was entered herein pursuant to the information in *quo warranto* and the Respondent's motion to have the said judgment of ouster issued immediately. By such judgment it was held that the Respondent, A. D. F. Bloodworth, was unlawfully usurping and exercising the functions, privileges and powers of the office of City Clerk of the City of Miami, Florida, or was claiming the right to occupy the aforesaid office, and that the said A. D. F. Bloodworth should be ousted from said office and the said A. D. F. Bloodworth was, by such judgment, ousted from such office of City Clerk of the City of Miami, and that on the 26th day of said month, the said judgment of ouster was duly served upon the said A. D. F. Bloodworth and the said Frank J. Kelly reassumed the duties, office and position of City Clerk of the City of Miami, Florida.

"8. That thereupon the said Frank J. Kelly in performance of his duties as City Clerk of the City of Miami, Florida, began the performance of his duties as such City Clerk in connection with the pending recall proceedings, described in the information of *quo warranto* herein, and that on the same day the 26th of said month, there was scheduled a regular meeting of the City Commissioners of the City of Miami, Florida, at 3:30 P. M. and that only one of the Commissioners, to-wit, R. C. Gardner, was present. That the said Frank J. Kelly, City Clerk of the City of Miami, was present to perform his duties but that all of the other members of the City Commission failed to appear and there was no meeting held. That on the fol-

lowing day, to-wit, October 27th, about 5 :00 in the after-
noon, the said Frank J. Kelly who was engaged in the duties
devolved upon him as said City Clerk of the City of Miami,
in his office in the City Hall, was informed that there would
be a meeting of the City Commissioners immediately in the
Commission room.   That the said Frank J. Kelly took his
books and papers at such meeting to the Commission meet-
ing room and assumed his position on the dais with the
members of the City Commission, and that immediately
upon the opening of the Commission meeting by the Mayor-
Commissioner, Robert R. Williams, two individuals, to- wit,
Walter A. Kalastrom and Z. O. Young, stepped forward
and presented to the said Commission three charges against
Frank J. Kelly, as City Clerk of the City of Miami, Florida,
and immediately upon their being presented, a resolution
incorporating the charges, which consisted of thirteen pages
of legal typewritten matter, which resolution was prepared
with a front page prefixed to the charges, and a resolution
portion affixed thereto, was adopted, the same having been
prearranged and prepared, and within just a few minutes
after the meeting of said Commission, a certified copy of
same was handed to the said Frank J. Kelly by the Chief
of Police of the City of Miami, Florida.   That the said
resolution upon its fact, purports to suspend the said Frank
J. Kelly from office as City Clerk of the City of Miami,
Florida, until the 10th day of November, 1938, and pur-
ported to fix a date of a hearing and trial at that time; a
certified copy of which resolution is hereto attached, marked
Exhibit A, and by reference made a part hereof as fully as
here set forth *in extenso*.

"9.   That the said resolution purports to be predicated
upon charges made by the said Walter A. Kalastrom and Z.
O. Young to the effect that the said Frank J. Kelly as City
Clerk of the City of Miami, had been guilty of malconduct

in office, and neglect of duty; First, in that he had failed to keep the registration records of said City in proper condition; Second, because he was revising the said registration records in such a manner as to show he was extremely prejudiced against the three Commissioners, Mayor-Commissioner Robert R. Williams, John W. DuBose and Ralph Ferguson, against whom recall proceedings are now pending in the said City of Miami, and: Third, because of his having accepted employment as City Attorney of Opa Locka, Florida, during the time of his suspension as City Clerk of Miami, Florida, all of which more particular appear by reference to said resolution.

"10. But that as a matter of fact, the real purpose of said resolution of removal or suspension is in fact to thwart, nullify and render inoperative, the judgments and orders of this Court, reinstating the said Frank J. Kelly to his position in office as City Clerk of the City of Miami, Florida. That the said resolution was adopted on the vote of three of the said commissioners, to-wit: Robert R. Williams, John W. DuBose and Anna M. Perry. Commissioners R. C. Gardner and Ralph Ferguson voted against the adoption of such resolution."

Rule *nisi* in contempt was issued. Returns were filed and the matter has been argued in briefs and orally before this Court.

After consideration of the entire record, we are impelled to hold that the respondents Robert R. Williams, John W. DuBose and Anna M. Perry by their said action complained of on the 27th day of October, 1938, by affirmatively adopting the resolution hereinbefore referred to did so in disregard of the opinion and process of this Court and that on a later date Ralph Ferguson did likewise, by voting with the above named Commissioners, rectify and confirm the

action of the Commissioners in suspending the said Kelly. There is room for doubt as to whether or not the said Commissioners acted within what they believed to be their legal rights in this regard and without the intent to commit a contempt of court. But such conduct was not legally justified under the state of the record and it is the judgment of the Court that they are each the said Robert R. Williams, John W. DuBose, Anna M. Perry and Ralph Ferguson guilty of a technical contempt of this Court and it is the judgment of the Court that they should jointly and severally, to purge themselves of such contempt, pay the costs of this Court incident to the contempt proceedings within fifteen (15) days from the filing of this Order and that upon the payment of the costs they shall each respectively stand purged of the adjudged contempt.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs specially.

THOMAS, J. (concurring specially)—It seems important to note, in concurring in the conclusion reached by the majority of the Court, that Frank Kelly was suspended as City Clerk of the City of Miami, Florida, because he had continued, since becoming City Clerk, a system of registration which had been in effect for many years. It was the method used at the time of the induction into office of Robert R. Williams, John W. DuBose, Anna M. Perry and Ralph Ferguson, and even while they served together in their respective capacities the record does not disclose that any effort was made on the part of these persons to improve the system until it was decided by this Court that the judgment of ouster should be entered against Bloodworth,

thereby reinstating Kelly, who was considered unfriendly to the Commissioners sought to be removed.

After the judgment of ouster was entered, and at that late date, a majority of the Commission formally charged Kelly with misconduct because of a system of registration continued from other administrations and in force at the time respondents, or most of them, took office, despite the fact that during their joint service as City Clerk and City Commissioners, respectively, the City Commission, so far as the record shows, made no effort toward the establishment of a correct registration list.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.